FRANK PATTERSON and MRS. FRANK PATTERSON, d. b., *vs.* RALPH B. JARMON, p. b.

*Justice of the Peace— Certiorari— Judgment by Default—Proofs and Allegations—Joint Judgment—One Defendant not Appearing.*

1. The record stated that the Justice heard "the proofs in the case." *Held* that the record should set out, as required by statute when the defendant does not appear, that the Justice heard the plaintiff's "proofs and allegations."

2. It appearing that the judgment against one of the defendants was by default, and it not appearing that the plaintiff's proofs and allegations were heard, the joint judgment must be reversed.

(*October 26, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Thomas C. Frame, Jr.,* for plaintiffs in error.

*Arley B. Magee* for defendant in error.

Superior Court, Kent County, October Term, 1905.

CERTIORARI (No. 714, October Term, 1905).

The record of the Justice, after the title of the case, was as follows : " Be it remembered that on this seventeenth day of March, A. D. 1905, an action on book account was brought by Ralph B. Jarmon against Frank Patterson and Mrs. Frank Patterson for the sum of $10.75 with credit of $2. The Justice being satisfied by deposition of Ralph B. Jarmon, the plaintiff, there is danger of losing process by delay, summons issued forthwith this seventeenth day of March to Constable Jenkins. Constable Jenkins returns 'Served personally.' And now to wit this eighteenth day of March, 1905, Frank Patterson appearing and Mrs. Frank Patterson failing to appear and after hearing proofs in the case, the credit of $4 is corrected to $4.75 and I therefore give judgment against the defendants, Frank Patterson and Mrs. Frank Patterson, for the sum of $10.75 with credit of $4.75 and costs of this suit.

" CHARLES D. RIDGELY, *J. P.*"

Numerous exceptions were filed to the above record, among which were the following :

1. That it does not appear by the record that the plaintiff was present on the day of the hearing of the Justice, which was error, as judgment should not be rendered against the defendants without the allegations and proofs of the party plaintiff.

2. That the record does not show that the proofs and allegations of the defendants were heard by the Justice, and it is error to enter judgment against the defendants without their proofs and allegations.

3. That the record does not show that the parties plaintiff and defendants were present at the hearing on the eighteenth of March, 1905, but discloses that only one of the defendants was present and one thereof absent at said hearing, and it was error for the Justice

to have rendered judgment without hearing the proofs and allegations of the plaintiff.

4. That the record of the Justice is erroneous and defective in that it fails to show that the Justice heard the proofs and allegations in the cause before rendering judgment therein, which is error.

LORE, C. J. :—This record states that the Justice heard " the proofs in the case." We have uniformly held that the record should set out, as required by statute, that the Justice heard the plaintiff's *proofs and allegations*; and moreover this judgment against the wife is on the face of it a judgment by default, and it being a joint judgment, it of course vitiates the judgment.

Let the judgment below be reversed.